L. D. SPALDING, APPELLEE, V. DOUGLAS COUNTY, APPELLANT.

FILED OCTOBER 22, 1909.   No. 15,784.

1. Pleading: DEMURRER.  A litigant who stands upon a general demurrer to a pleading thereby admits all of the material facts well pleaded, and must take the consequences which result from such an admission.

2. Jury: COMPENSATION.  A juror drawn for three weeks' service in the district court for Douglas county who appears and serves as a juror in said court during that period is entitled to recover for all of the days of said term, Sundays excepted, unless excused from such attendance by the court.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE.  Affirmed.

James P. English and George A. Magney, for appellant.

H. H. Bowes, contra.

ROOT, J.

Plaintiff sued defendant for compensation as a juror, and alleged in his petition that he was duly summoned as a juror for the first three weeks of the May, 1908, term of said court; that he reported for duty May 4, 1908, and was in the discharge of his duties as such juror during all of said three weeks and three days in addition; that he was discharged May 27, 1908, "being in attendance upon said court for twenty-one days"; that compensation for two days claimed by him was denied by the commissioners "for the reason that said two days were Saturdays and the court was not on said two days engaged in the trial of jury cases."  The county filed a general demurrer, which was overruled.  Defendant elected to stand upon its demurrer, and judgment was rendered in favor of plaintiff. Defendant appeals.

Defendant has evidently accepted the benefits of sections 668a-668n of the code.  Under the provisions of those sections of the statute, the clerk of the district court, in

the presence of the county clerk and one of the judges of the district court, is required at least twenty days preceding the first day of every term of said court to draw from a box or wheel the names of 30 residents of the county for jury service during three weeks. From those veniremen 24 are retained for service. A like number of jurors are provided for each one of the judges should more than one of them be engaged in the trial of jury cases. By identical proceedings the panel is renewed every three weeks, and provision is made for extra jurors for the trial of felony cases.

Section 668d, *supra*, among other things, provides: "All jurors on the regular panels shall serve during the weeks or term for which they were drawn and until discharged from the case in which they may be serving, if any, at the expiration of such time, unless sooner excused by the court." Section 15, ch. 28, Comp. St. 1909, provides: "Grand and petit jurors shall receive for their services two dollars for each day employed in the discharge of their duties, and mileage at the rate of five cents for each mile necessarily traveled." The demurrer admits all of the allegations of fact well pleaded in the petition. It is therefore an admitted fact that plaintiff was in attendance on the district court for Douglas county as a juror for 21 days. While it was argued at the bar that he was excused for two Saturdays during that period, and therefore was not discharging his duties as a juror, it is not so stated in the petition. Sections 668a-668n of the code have a limited application in the state, and contemplate service by jurors in attendance on the district court during a term of three weeks, unless sooner excused by the court. Plaintiff was not excused from service as a juror, but, on the contrary, the demurrer admits that he was in attendance during all the days for which he claims compensation.

Under the admitted facts defendant was liable, and the judgment of the district court is

AFFIRMED.