F. C. COCHRAN, APPELLANT, v. LANCASTER COUNTY, APPELLEE.

FILED JUNE 16, 1913. No. 17,341.

Jury: FEES. A juror drawn for three weeks' service in the district court for Lancaster county, under sections 668a to, and inclusive of, 668n of the code, and who appears and serves as a juror in said court during said period, is entitled to receive pay during the full term of such panel, Sundays excepted, unless finally excused from further attendance by the court before the expiration of such three weeks' term, and Saturdays within the period will not be excluded in making the computation of the amount due the juror, even though the juror may have been informed by the court that his attendance would not be required on such Saturdays. See *Spalding v. Douglas County*, 85 Neb. 265.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*G. W. Berge,* for appellant.

*Jesse B. Strode* and *George E. Hager, contra.*

HAMER, J.

This case involves the fees of a juror subpœnaed to attend the district court for Lancaster county for the April, 1911, term of that court. He was subpœnaed to appear for the panel of jurors of said court to commence on the 24th day of April, 1911, and to serve on said panel until he should be discharged. He appeared on the 24th day of April, 1911, and served continuously from and including said day until May 18, 1911, except Sundays and on three Saturdays. He was not finally discharged as a juror until May 18, 1911. At the rate of $3 a day he is entitled to

$66 for his services as a-juror during the existence of said panel, including the said three Saturdays.  After said panel of jurors was discharged, the clerk of the district court filed with the county commissioners the time of the jurors serving on said panel, including the time of plaintiff.  On May 20, 1911, the plaintiff filed with the county clerk of Lancaster county his claim for $66 for services as such juror.  The county commissioners of Lancaster county allowed the plaintiff the sum of $57, but disallowed his claim for $3 for services on Saturday, April 29, $3 for services on Saturday, May 6, and $3 for services on Saturday, May 13, making the total amount disallowed $9.  The claim of the plaintiff is that the defendant county is indebted to him in the sum of $9 for his services as a juror and that the defendant county refuses to pay the same.  It is alleged in the petition that the plaintiff is a traveling man, and that it was impossible for him to leave Lincoln and to render any services for the firm that he represented; that he could not and did not do any other work on the said Saturdays, except to hold himself in readiness for service as a juror under the direction of the court, and that during all of the time the plaintiff was at the courthouse and ready for service as a juror and under the direction of the court.

The answer of the defendant county admits the selection of the plaintiff as a juror, and that he was served with a subpœna to appear and serve and not to depart the court without leave, and that he did appear, and that he served from April 24 to April 28, inclusive, and that on the 28th day of April he was excused by the court from further service until Monday, May 1, at 9:30 o'clock in the morning, at which time the plaintiff again appeared and served continuously from May 1 to May 5, inclusive, when, by order of the court, he was again excused until Monday, May 8, 1911, at 9:30 A. M.; the plaintiff again appeared on Monday, May 8, at 9:30 A. M. and served continuously as a juror until Friday, May 12, 1911, inclusive, when he was again, by order of the court, excused from further

service until Monday, May 15, at which time the plaintiff appeared and duly served as a juror continuously until Thursday, May 18, 1911, inclusive, when he was finally discharged; that the total number of days actually served was 19, and that the county commissioners allowed him pay for 19 days at $3 a day, being a total of $57. The answer also alleged that the plaintiff did not serve as a juror on Saturday, April 29, Saturday, May 6, and Saturday, May 13, and that he was excused by order of the court on each of said days; that this was done in accordance with the rules of practice adopted by the judges of said district court. The rule provides: "Saturday of each week during the term shall be the time for hearing motions; unless otherwise specially ordered no causes will be tried on Saturday." There was an appeal from the action of the board of county commissioners of Lancaster county to the district court. The district court held against the plaintiff, and the case comes here on an appeal from the judgment of the district court.

It is contended with some earnestness that the juror should not draw pay on Saturday because, under the rule of the district court, it is not contemplated that any cases will be tried on that day. An examination of the statute seems to contemplate that during the term for which the juror is drawn, consisting of three weeks, he is expected to be in attendance on the court. Section 668a of the code provides that, in counties having a population of 30,000, or more, and less than 60,000, the county board of commissioners or supervisors shall at or before its meeting in January of each year, or at any time thereafter when necessary for the purposes of the act, make a list of a sufficient number, not less than one-tenth, of the legal voters of each township or precinct in the county, giving the place of residence of each person whose name appears on the list, said list to be known as the jury list. It is provided in section 668d of the code: "All jurors on the regular panels shall serve during the weeks or term for which they were drawn and until discharged from the case

in which they may be serving, if any, at the expiration of such time, unless sooner excused by the court." It is provided in section 668*f* that a list of jurors selected as provided in the act "shall be kept in the office of the county clerk, who shall write the name and residence of each person selected upon a separate ticket and put the whole into a box or wheel, to be kept for that purpose." And it is provided in section 668*g*: "At least twenty (20) days before the first day of any trial term of the district court, the district clerk of such court shall appear at the office of the county clerk, and in the presence of such county clerk, and at least one of the judges of the district court, after the box or wheel containing said names has been well shaken by the county clerk, and without partiality, draw thirty (30) names of persons then residents of said county, for each judge sitting with a jury in said court, as petit jurors for the *first three weeks of that term.*" It is further provided in that section that, at the same time and in the same manner, the clerk shall also draw the same number of names as petit jurors for the *second three weeks of that term of jury service.*

It will be seen that these jurors for a panel are called for three weeks. The act provides that they shall serve *during the weeks or terms for which they were drawn* and until discharged from the case in which they may be serving. Section 15, ch. 28, Comp. St. 1911, provides: "Grand and petit jurors shall each receive for his services three dollars for each day employed in the discharge of his duties, and mileage at the rate of five cents for each mile necessarily traveled." Under the act specially applicable to this sort of a jury, the time would seem to be three weeks during *which they are required to attend, unless discharged.* This would seem to contemplate a final discharge at the end of the three weeks. Under the stipulation of counsel made in this case, it appears that the plaintiff is a traveling salesman; that he attended the court as set forth; and that during the three Saturdays mentioned he was unable to engage in the business of selling monu-

ments for the house that he represented because there was no time sufficient to go to the territory where sales could be made in his business and return to be on hand Monday morning at Lincoln for jury service.

The question here presented is whether the plaintiff can be taken from his usual occupation to serve the public as a juror and be compelled to thereby neglect his own private business during the Saturdays mentioned without pay. But the view we take of the statute disposes of the merits of the case. It is not contemplated that the juror will be excused until the expiration of the three weeks for which he has been subpœnaed, but that he may be if his discharge is final. The question turns upon what sort of a discharge is contemplated by section 668*d*. There is no provision contained in the statute permitting the discharge of the particular panel until it is finally discharged, either at the expiration of the term of the panel, or afterwards, or before such term expires. There is no flexibility in the statute. "All jurors on the regular panels (which means this sort of a special jury for counties having the population specified) shall serve during the weeks or term for which *they were drawn* and until discharged from the case in which they may be serving, if any, at the *expiration of such time, unless sooner excused by the court.*" The order excusing the jury is to be at "the expiration of such time," except that it may be sooner if it is a discharge from the "term for which they were drawn." In other words, it is not contemplated that the jury will be discharged until it is discharged for the three weeks' term for which it has been drawn. The jury is expected to be in attendance upon the court until it is finally discharged.

In *Spalding v. Douglas County,* 85 Neb. 265, the second point in the syllabus reads: "A juror drawn for three weeks' service in the district court for Douglas county who appears and serves as a juror in said court during that period is entitled to recover for all of the days of said term, Sundays excepted, unless excused from such attendance by the court." We are at liberty to look at the body

of the opinion, where it is said: "Sections 668a-668n of
the code have a limited application in the state, and con-
template service by jurors in attendance on the district
court during a term of three weeks, unless sooner excused
·by the court."

It would seem that the author of the foregoing had in
mind that the service must be "during a term of three
weeks," unless there was a final discharge before the ex-
piration of that time.   In that case the plaintiff sued
Douglas county to recover for service as a juror for two
Saturdays.   He alleged "being in attendance upon said
court for 21 days," and that compensation for the two
days was deducted by the commissioners "for the reason
that said two days were Saturdays and that the court was
not on said two days engaged in the trial of jury cases."
The county filed a general demurrer to the petition, and
that was overruled and judgment was rendered in favor
of the plaintiff, and the defendant appealed.   There was
an argument at the bar, as stated in the opinion, that he
was excused for two Saturdays during that period, and
therefore was not discharging his duties as a juror.   But
it was alleged in the opinion that it was not stated in the
petition that he was excused for the two Saturdays.   From
this it would seem that the juror alleged that he was in
attendance all the time for 21 days, but that the com-
missioners allege, as a reason for not paying him, that
two of the days were Saturdays, and that the court was
not engaged in the trial of jury cases during those two
Saturdays.   It does not follow from that that the juror
was not in attendance.   Under the facts stated in his peti-
tion, he would be deemed to be in attendance and not to
be excused.   The case cited seems to contemplate that the
juror was not excused, and that he could not be excused
under the statute, unless excused from further attendance
during the term of three weeks for which he had been
subpœnaed.

In the instant case there was no final discharge until
the end of the three weeks, and being excused from at-

tendance on the particular Saturdays mentioned is not contemplated by the statute as a discharge or within the power of the court, so far as it may affect the fees to be paid to the juror. He should be paid for the full term for which he was subpœnaed to attend, unless finally discharged before the expiration of that time.

It follows that the judgment of the district court is wrong, and it is

REVERSED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.