NORA MATTINGLY BURNHAM ET AL., APPELLANTS, V.
CHARLES W. BENNISON ET AL., APPELLEES.

FILED MAY 29, 1931.   No. 27580.

*James E. Brittain* and *Frederick M. Deutsch,* for appellants.

*Coufal & Shaw,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an action in equity commenced in the district court for Butler county on April 16, 1926. On that date summons was issued which was served on all defendants three days later. Then demurrers were filed challenging the jurisdiction of the court and the sufficiency of the petition to state a cause of action. Thereupon, after an adverse ruling on all demurrers so presented, defendants filed an answer which embraced, in addition to a general denial, certain allegations of new matter. To this pleading the plaintiffs filed a reply which was in substance a general denial of new matter pleaded.

Thereafter on April 28, 1930, the trial on the merits was commenced, and, plaintiffs having called a witness, defendants interposed a demurrer *ore tenus,* based on the contention that the petition did not set forth facts sufficient

to constitute a cause of action against "these defendants or any of them," or "in behalf of the plaintiffs or any of them;" that it did not state a cause of action in equity; that it did not disclose that any property of the Mattingly estate was in the possession of the administrator or the trustees; that the estate was in the process of administration in the county court, which was as yet incomplete; that the action was, therefore, prematurely brought.

These objections were sustained by the trial court, and the plaintiffs electing to stand upon their petition, and refusing to further plead, the petition of plaintiffs and the action were by the trial court dismissed. Plaintiffs appeal.

It may be said, in view of the procedure theretofore had, that the effect of the interposition of the demurrer *ore tenus* was in all respects identical with that of a formal demurrer; that by it the defendants, for the purpose thereof, admitted all the allegations of fact in the pleading to which it was addressed, which were issuable, relevant and material, and well pleaded. *Bresee v. Preston*, 91 Neb. 174; *City of Crawford v. Darrow*, 87 Neb. 494; *Hallstead v. Perrigo*, 87 Neb. 128; *Spalding v. Douglas County*, 85 Neb. 265; *Moriarty v. Cochran*, 75 Neb. 835; *State v. Porter*, 69 Neb. 203. It did not admit the conclusions of the pleader except as they were supported by, and necessarily resulted from, the ultimate facts stated in the pleadings. Nor did it, subject to this qualification, admit inferences of the pleader from the facts alleged, nor mere expressions of opinion, nor the theory of the pleader as to the effect of facts, nor his construction of a written instrument, nor his conclusions of law in relation thereto. It is also true that "A demurrer to a petition only lies to the statement of facts constituting the supposed cause of action, not to the prayer for relief, which may be much in excess of what those facts warrant the court to grant." *Missouri Valley Land Co. v. Bushnell*, 11 Neb. 192; *Stephens v. Harding*, 48 Neb. 659. This is in accord with the general

rule. 6 Standard Ency. of Procedure, 912. In the instant case we find the pleading demurred to contains a prayer for general relief ("next step to the Lord's prayer"), in addition to prayer for certain special relief. On this subject, the general rule of equity pleading which is preserved by our Code appears to be that if there is a prayer for general relief, as well as for special relief, the court can extend the relief specially prayed for and give such other relief as the case warrants, consistent with the general frame and purpose of the petition. 4 Standard Ency. of Procedure, 137. The conclusion follows that, if the petition here demurred to, considered as an entirety, sustains the conclusion that plaintiffs are entitled to any substantial relief within the jurisdiction of the trial court to grant, even though not covered by a specific prayer, the trial court erred in sustaining the general demurrer thereto.

No good purpose would be served by an exhaustive analysis of the language of the pleading under consideration. Conceding that many of the allegations and statements thereof under the rules determining the scope of admissions by general demurrer would deserve little or no consideration, still by the terms of the pleading presented for review it clearly appears, as admitted ultimate facts: (1) That George W. Mattingly died testate on April 17, 1924, and at the time of his death was a resident of Butler county; (2) his will was admitted to probate on August 7, 1924, and remains in full force and effect; (3) the residuary clause of this will provided in part: "(6) The rest, residue and remainder of my estate, real and personal, wheresoever situated, I give, devise and bequeath to C. W. Bennison and I. T. McCaskey, as trustees, upon the following trusts; (a) that my said trustees shall pay to Joseph Mattingly, a son of a half-brother of my father, the sum of $10,000 on condition that in the event that the said Mattingly is living at my death and appears and makes due proof of his identity to my said trustees within one year after my death; and if the said Joseph Mattingly

is dead or fails to appear then and in that event such payment shall be made to his children, if any he has, on condition and in the event that his child or children appear and make due proof to the said trustees of their relationship within two years after my death; and if the said Joseph Mattingly fails to appear and make such proof within one year and if, also, his child or children fail to so appear and make proof of their relationship within two years after my death, then the provisions of this paragraph made shall lapse and be null and void. * * * (c) My said trustees shall, during the term of said trust, cumulate the net income of said estate until the two year period after my death has elapsed and my said trustees are then directed to assign, transfer and set over to C. W. Bennison and I. T. McCaskey of David City, Nebraska, in equal shares, the rest, residue and remainder of the property remaining in the hands of said trustees and to vest in said C. W. Bennison and I. T. McCaskey the absolute title thereto; my intention being to give, bequeath and devise to said C. W. Bennison and I. T. McCaskey all of such residue absolutely and unconditionally." (4) That Joseph Mattingly, "mentioned, intended, referred to and described in the said will and the person to whom the testator intended" the trust fund of $10,000 to be paid, if alive, died on March 19, 1919, leaving surviving him as his sole and only children (or descendants) the plaintiffs named in the petition; (5) that there is sufficient money and property belonging to said estate to fully pay all costs of administration, claims, prior legacies, and specific trust funds described in said will, including the legacy provided for the plaintiffs; (6) that within the two year period after the death of the said testator the above named plaintiffs appeared before the trustees named and tendered competent evidence and proof of the death of their father, Joseph Mattingly, and of their relationship to him, identifying their father as the Joseph Mattingly named in the will, and also in all respects complied with the provisions

expressed in paragraphs "6 and 6-a" of the will of George W. Mattingly, deceased; (7) that the trustees, Bennison and McCaskey, however, have to this date wholly failed to accept, receive or hear said evidence and proof, and have failed to determine the facts established thereby; (8) that on the last day of the two year period provided for in said will, after the death of said George W. Mattingly, the plaintiffs herein filed this petition in the district court for Butler county, and at the time this cause was submitted to this court (February 4, 1931) were still being denied a hearing and determination of their rights as contemplated by the will aforesaid, by the trustees named, and that no part of the bequest has been paid to them.

In connection with the admitted facts above recited, it is to be noted that the two year period provided for in the will in which the child or children of Joseph Mattingly may appear and make due proof to the trustees is in no manner dependent on the actual receipt or taking over of the trust estate by the trustees. Its commencement is expressly fixed by the terms of the will as starting on the death of the testator, and it terminates two years after the death of testator. It is wholly unaffected by the fact that the administration of said estate may be completed or still in progress, or by the fact that the trustees may or may not have received and taken over the property passing by virtue of the residuary clause. When the evidence and proof were tendered within the two year period, it was the plain duty of the trustees to hear the same and proceed as contemplated by the testator. It is also quite apparent that, as the trustees named, under the terms of the will, should as individuals succeed to the bequest provided for Joseph Mattingly or his children in the event the latter failed to comply with the expressed condition within two years, their personal interests as individuals are inevitably in conflict with, and antagonistic to, their duties as trustees. In a sense, in view of the situation, these trustees are of necessity required to sit in judgment on their own case.

In view of these conceded facts, what was the duty of the district court for Butler county, and did it have jurisdiction to grant any substantial relief upon the petition presented?

Aside from, and unless excused by, the necessary effects of technical errors of procedure committed by plaintiffs in the presentation of their cause or resulting from untoward events or accidents for which neither judge nor parties are responsible, the obligatory direction to courts of all jurisdictions, as expressed by the provisions of section 13, art. I of our Constitution, is controlling, paramount and mandatory, viz.: "All courts shall be open, and every person, for any injury done him in his lands, goods, person, or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." In this connection, it is to be remembered that, "when a constitution gives a general power, or enjoins a duty, it also gives, by implication, every particular power necessary for the exercise of the one or the performance of the other." I Cooley, Constitutional Limitations (8th ed.) 138. This constitutional provision is also self-executing. 12 C. J. 729. Therefore, when it stands here admitted for the purpose of this determination (1) that plaintiffs are the parties designated by the Mattingly will who are entitled, upon conclusion of the administration proceedings, to receive the $10,000 bequest provided therein, and (2) that they, after a lapse of more than six and one-half years since the death of the testator, and of more than four and one-half years since the commencement of this proceeding, have not yet been permitted or accorded the opportunity to make due proof of the identity of their forbear, and of their relation to him, which due proof has heretofore been seasonably tendered by them in compliance with the terms and conditions of that instrument (the will), can it be said that these plaintiffs have been accorded in full measure their constitutional remedy, and that they have not been denied their constitutional right

to have justice administered without denial or delay?

Did the district court for Butler county possess the essential power to administer substantial relief in the instant case, and was the exercise of such power, if possessed, properly invoked?

It may be said that, by the terms of the Constitution, district courts in Nebraska are vested with "chancery jurisdiction." Const. art. V, sec. 9. This we have construed as vesting district courts with equity jurisdiction which they may exercise without legislative enactment. *Matteson v. Creighton University,* 105 Neb. 219. Indeed, this court is committed to the view that, not only is equity jurisdiction conferred by the terms of the Constitution, but as thus conferred it is beyond the power of the legislature to limit or control. That, while the legislature may grant such other jurisdiction as it may deem proper, it cannot limit or take from such courts their broad and general jurisdiction which the Constitution has conferred upon them. *Lacey v. Zeigler,* 98 Neb. 380. One of the well-recognized grounds of equity jurisdiction thus conferred on, and available in, courts of this state, by virtue of this constitutional provision, is the supervision of the administration of trusts. *Matteson v. Creighton University,* 105 Neb. 219; *Gotchall v. Gotchall,* 98 Neb. 730.

Indeed, the inherent power of a court of equity to supervise and control trustees in the execution of their trust is well recognized. In the proper exercise of this power, courts may review and revise the exercise of the discretion of a trustee, and if they find there has been an abuse of discretion, or if the trustee has acted in bad faith, or has failed to follow the directions and requirements imposed by the terms of the trust, or the requirements of the law, such trustee's conduct will be subject to judicial control, and the court will make such orders as may be necessary to fully effect the purpose of the trust and to secure to the beneficiaries therein their just rights as lawfully intended and expressed by the creator thereof. 25

Standard Ency. of Procedure, 99. Nor does the proper exercise of this equitable jurisdiction by the district court involve any conflict with the lawful powers of our probate court. Not only would the source of the equity powers exercisable by the district court render such a situation inconceivable, but the limitations imposed by Constitution and statute on the jurisdiction and powers of the county court, as interpreted by this tribunal, render such a conflict impossible. This court is also fully committed to the view that the jurisdiction of the county court, in the exercise of its functions as a probate court, terminates with the enforcement of its order of final distribution, and ends when the distributees come into possession of their respective properties. Such distributee, even though constituted a testamentary trustee by the express terms of the will admitted to probate, and under which the distribution is made, or is to be made, is in no manner accountable to, or subject to the supervision or control of, the probate court in the performance of his duties as such trustee enjoined by the terms of such will. The enforcement of the performance of such duties is vested in the district court. *In re Estate of Frerichs*, 120 Neb. 462; *Abbott v. Wagner*, 108 Neb. 359.

In principle it appears well established that "A court of equity * * * has power and authority to remove a trustee from his office, when any personal disability exists in the trustee, when he fails to perform the duties of his position, when he has misconducted himself in office or mismanaged the trust property, when hostile relations exist between the trustee and his * * * beneficiaries, such as to interfere with the execution of the trust, or under any other conditions which render his removal necessary for the best interests of the trust estate." 25 Standard Ency. of Procedure, 118. See *May v. May*, 167 U. S. 310.

In view of the facts admitted by the demurrer, disclosed by the record before us, viz., that for a period of more than six and one-half years the trustees have not accorded

the plaintiffs, as beneficiaries of this trust, the opportunity to appear and make proof of their relationship to Joseph Mattingly, though it is likewise admitted that these plaintiffs are the real beneficiaries of the $10,000 trust fund, and entitled in due time to have and receive the same, and that litigation with the admitted beneficiaries has been here carried on by the trustees for more than four years, and at the same time the duties of such trustees are inevitably in conflict with their personal interests as devisees under the will, we arrive at the conclusion that the ultimate facts well pleaded which stand admitted on the record unquestionably entitle plaintiffs to substantial relief under the general prayer of their petition. And in view of the admitted relation of the trustees to the trust property, and that if the just claims of the plaintiffs were defeated they, the trustees, would succeed to the ownership of the same under the terms of the will, the following rule announced by Dean, J., for this court, in the case of *In re Estate of Marconnit,* 119 Neb. 73, though applied in that case to an executor, in principle is equally applicable and controlling here:

"An administrator is a quasi trustee, and should be a person who is not interested adversely to the estate in property which is the subject of administration, and who will, while carefully guarding the interests of the estate, stand at least indifferent between it and claimants of the property."

"Where an executor's personal interests conflict with or are antagonistic to his duties as executor, he is not a proper person to act as such and on proper application should be removed."

It follows that, in view of the nature and extent of the ultimate facts admitted by the demurrer, and the nature and extent of the jurisdiction vested in district courts, the plaintiffs must be deemed to be entitled to substantial relief against the defendant trustees. Indeed, on the restricted basis evidenced by the pleadings before us, they

are entitled to receive in due time the bequest of $10,000, provided for the children of Joseph Mattingly, and they are entitled to have the trust administered by trustees not disqualified by adverse personal interest, but standing indifferent between the parties.

The district court, therefore, erred in sustaining the demurrer *ore tenus* interposed on behalf of the defendant trustees at the trial of the action in the court below. We do not prejudge the merits of this case. These will be finally determined by due consideration of competent evidence adduced at the trial, hereinafter ordered, and may therefore differ in important, possibly controlling, particulars from the case here presented.

The judgment of the district court is reversed and the cause remanded for further proceedings in harmony with this opinion, with directions to overrule the demurrer *ore tenus* interposed on behalf of the defendant trustees, but to permit the parties to file amended and supplemental pleadings within a time to be fixed by the court, if they so request, to the end that all matters in issue may be determined and justice administered without unnecessary delay.

REVERSED.