MARY LOU SULLIVAN, APPELLANT, V. ARTHUR CHARLES
STORZ, JR., APPELLEE.

55 N. W. 2d 499

Filed November 7, 1952. No. 33210.

*James R. McGreevy* and *John C. Mullen,* for appellant.

*Munger & Rhodes,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action based upon alleged breach of promise of marriage and seduction. The trial court granted a continuance under the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A., Appendix, § 521, p. 545. Plaintiff appeals contending that the granting of the continuance was error. Defendant presents the question that the order made is not appealable. We sustain plaintiff's contention and deny that of defendant.

This action began by the filing of a petition on September 11, 1950. Motions were made and ruled upon. An answer denying generally was filed November 25, 1950, and a reply filed on the same date.

On April 25, 1951, plaintiff filed an application that the case be set for trial to a jury.

On April 27, 1951, the defendant filed an application for stay. It recited that he had been ordered to report for and had entered active military service on March 13, 1951. He attached to the application a copy of his orders to report for duty at Offutt Air Force Base, Omaha. The order indicates that his active duty was to be for a period of 21 months.

He attached also the affidavit of his attorney reciting that it was indispensable that the defendant be present and testify at the trial of this action, and be present to assist in the preparation for trial; that the defendant was subject to orders as a pilot on flying status with the Strategic Air Command which made him unavailable as a party and as a witness in the near future, or during the period of the present emergency; and that he would be materially prejudiced if the stay of proceedings was not granted.

Thereafter on May 8, 1951, the court entered an order staying the proceedings for the period of the active mili-

tary service of the defendant, and for three months thereafter, or until the further order of the court.

On December 3, 1951, the matter was taken up on oral motion to vacate the order for the stay, evidence was taken, and the matter continued for further hearing.

On January 16, 1952, plaintiff filed a written motion to set aside the order staying the trial and to set the case for trial. Plaintiff recited in her motion that defendant was stationed at Offutt Air Force Base in Douglas County, and was living with his family in Omaha, Douglas County. It appears that this motion was actually drawn and a copy served upon defendant's attorney on November 16, 1951. On March 12, 1952, the trial court denied the motion. Motion for new trial and hearing was filed on that date, and overruled on March 18, 1952.

Section 521 of the Soldiers' and Sailors' Civil Relief Act, *supra,* provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act (sections 501-548 and 560-590 of this Appendix), unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

Section 524 of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A., Appendix, p. 577, provides in part: "Any stay of any action, proceeding, attachment, or execution, ordered by any court under the provisions of this Act (sections 501-548 and 560-590 of this Appendix) may, except as otherwise provided, be ordered for the period of military service and three months thereafter or any part of such period, and subject to such terms as may be just, whether as to payment in installments of

such amounts and at such times as the court may fix or otherwise."

Our section 25-1902, R. R. S. 1943, provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter." Section 25-1911, R. R. S. 1943, provides: "A judgment rendered or final order made by the district court may be reversed, vacated or modified by the Supreme Court for errors appearing on the record."

The question then comes: Is the order here involved "an order affecting a substantial right made in a special proceeding" and as such an order from which an appeal may be taken?

We have recently restated the rules construing section 25-1902, *supra,* as follows: An order affecting a substantial right, when made in a special proceeding is a final order and is appealable, even though it does not terminate the action, nor constitute a final disposition of the case. A special proceeding may be said to include every special statutory remedy which is not in itself an action. A substantial right is an essential legal right as distinguished from a mere technical one. Western Smelting & Refining Co. v. First Nat. Bank of Omaha, 150 Neb. 477, 35 N. W. 2d 116.

It has also been held that: "Where the law confers a right, and authorizes a special application to a court to enforce it, the proceeding is special, within the ordinary meaning of the term 'special proceeding.'" Schuster v. Schuster, 84 Minn. 403, 87 N. W. 1014. See, also, Nelson v. Steele, 12 Idaho 762, 88 P. 95; Harryman v. Bowlin, 153 Okl. 202, 4 P. 2d 1011; Deppe v. Ford, 89 Minn. 253, 94 N. W. 679; State v. Rosenwald Bros. Co., 23 N. M. 578, 170 P. 42.

The Supreme Court of Wyoming construing statutes substantially identical with ours held: "* * * a proceeding may be special, within the meaning of the statute governing appeals, although connected with a pending action * * *." Anderson v. Englehart, 18 Wyo. 196, 105 P. 571.

We think it clear that the order here involved is one made in a special proceeding. That it affects a substantial right of the plaintiff is also clear. The right to a trial without unreasonable and unnecessary delay is as old as Magna Charta. Our Constitution, Article I, section 13, provides: "All courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." This provision is self executing and controlling, paramount and mandatory upon all courts of this state. Burnham v. Bennison, 121 Neb. 291, 236 N. W. 745. We hold that the order here involved is an appealable order.

This brings us to the issue presented by plaintiff.

It is clear from this record that this suit was commenced and at issue for some time prior to defendant's call to active duty in the military service and that during that time and since, he has had the service of counsel in his home city.

The affidavit made by defendant's counsel as of April 27, 1951, except as to the fact of the defendant's military service, states the mere conclusions of the affiant. This likewise applies to the showing filed March 31, 1952, nunc pro tunc as of November 20, 1951.

The evidence produced by the plaintiff at the hearing of December 3, 1951, shows that the defendant is a Captain in the Air Force in the Strategic Air Command, a rated pilot on flying status and that during the months of March to October, inclusive, he did sufficient flying to maintain efficiency and met the minimum requirements of the Air Force. It showed further that he was on duty at Offutt Field as an adjutant of a Composite

Group; that his general duties were of an office nature with some outdoor duty and some flying; that his normal hours of duty were from 8 a. m. to 5 p. m., with half a day on Saturday; that he was sometimes on overtime and was subject to call at any time during the 24 hours of a day for a seven-day week; and that the Strategic Air Command had been on an emergency status for a number of years. It also shows that he does not live on the base, but does live in Omaha or its suburbs. The defendant's immediate commanding officer testified that it would not be his wishes, at that time, to let the defendant have leave for several days to testify because of the work load and international situation; and also that such leave would have to be approved by higher authority.

Defendant offered no evidence at this hearing. The matter was then left open for further hearing. The bill of exceptions contains no further evidence.

As the matter stood then at the close of the evidence, preserved in the bill of exceptions, the defendant was on duty in the military service and subject to that control; that he was on duty near by and living in the county where this litigation is pending and where his counsel practice law; and there is no showing that he has undertaken to consult counsel or prepare for trial during his off-duty hours, nor is there any showing of inability to prepare for trial. So far as this record discloses, no preparation for trial was made either before or during defendant's military service. Save for the fact of military service, this evidence presents a situation such as would confront any fully employed litigant who is required to prepare for and defend a case in his home county and where his counsel are. Obviously the question of a leave to attend trial would not arise until a trial date had been set. Just as obviously the defendant has not asked for leave nor undertaken to explore that situation. He has prevented the case being set for trial, an obvious preliminary to such a request. He relies

upon the fact that he is in the military service as the basis of preventing this cause coming to trial. The trial court order effectively grants that result during the rather indefinite period of defendant's military service.

The determination of an application such as that presented here depends on the facts and circumstances of each case. The act cannot be construed to require a continuance on a mere showing that the defendant was in the military service. Boone v. Lightner, 319 U. S. 561, 87 L. Ed. 1587, 63 S. Ct. 1223.

Defendant in his brief states: "It is well settled as a matter of law that a defendant who is in active military service is entitled to a stay upon filing his application therefor unless the plaintiff can satisfy the court in which such proceedings are pending that defendant's ability to conduct his defense is not materially affected by his military service."

Defendant would put the burden of the showing upon the plaintiff. There are decisions to that effect. The Supreme Court of the United States decided that question also in Boone v. Lightner, *supra*, wherein it held: "The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, in pursuance no doubt of its policy of making the law flexible to meet the great variety of situations no legislator and no court is wise enough to foresee. We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come. * * * We think the ultimate discretion includes a discretion as to whom the court may ask to come forward with facts needful to a fair judgment."

The conclusions which defendant stated by affidavit and argue here rest upon facts particularly within the knowledge of defendant and his counsel and in part upon acts which defendant alone must initiate. The

defendant should have come forward with those facts needful to a fair judgment. That he did not do.

The decisions which we have examined all hold, and we think properly, that the act here involved is a remedial one to be liberally construed in order that its high purposes may be carried out. However, the power to stay, granted by the act, does not imply a power to stay anticipating that at some future time in the litigation's progress the ability of the service man to prosecute or defend may be materially affected by reason of his military service. The act clearly requires that there be a present and not a mere anticipatory danger. To construe it otherwise would be to nullify the exception of the act. Liberal construction does not permit a court to do that. At best there was but an anticipatory danger when the court entered the order involved here.

In Boone v. Lightner, *supra*, the court held that the stay is not to be withheld on nice calculations as to whether prejudice may result from absence or absence result from the service; that absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial; but absence in some cases may be a policy instead of the result of military service, and that the immunities of the act are not to be put to such unworthy use. We hold that the trial court abused its discretion in the order made.

There is one further showing which we deem it advisable to mention even though defendant does not stress or mention it in his brief here. On the 31st of March, 1952, there was filed an additional showing by the defendant nunc pro tunc as of January 9, 1952. There appears also an order of the court permitting the filing and reciting that the showing was submitted during the hearing before the court, but through inadvertence was not filed with the clerk.

Attached to the showing is a copy of orders of the Offutt Air Force Base, Omaha, Nebraska, dated December 26, 1951, "Subject: Temporary Duty Travel," di-

recting defendant to proceed to Maxwell Air Force Base to report there on January 4, 1952, for approximately nine-weeks' course of instruction and upon completion to return to his proper station. The statement of defendant's counsel, to which the copy of orders is attached, recites that defendant received the orders, and in compliance therewith was then (January 9, 1952) at Maxwell Air Force Base in Alabama; that defendant could not obtain leave, and if the order involved was vacated and the cause set for trial defendant could not be personally present at the trial.

Assuming but not deciding that the showing is for consideration here, and assuming but not deciding that the showing would have been sufficient to stay the trial until defendant returned from his temporary duty in Alabama to his proper station. at Offutt Air Force Base and for a reasonable time thereafter, we think it obvious that absence from Omaha on temporary duty did not justify denial of the plaintiff's motion and the continuing in effect of the order of April 8, 1951.

The order of the district court is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.