ZimmermaN, J.
On the night of February 26, 1954, an au-mobile driven by William E. Wyckoif and one driven by John Wharton collided, and both drivers were killed. Robert W. Gill, rider or passenger in the Wharton car when the collision oe-irred, died shortly afterward from the injuries he received.
On April 2, 1954, L. James Gordon was appointed adminis-■ator of Wyckoff’s estate by the Probate Court of Licking ounty, and on May 18 of the same year Edward Gill was ap-ointed administrator of the estate of the decedent Gill by the 'róbate Court of Perry County.
Administrator Gill, the appellee herein, did not present a laim in writing to administrator Gordon, the appellant herein, n account of the death of his decedent, within the four-month eriod prescribed by Section 2117.06, Revised Code, but did dthin nine months after Gordon’s appointment file a petition i the Probate Court of Licking County under the provisions of lection 2117.07, Revised Code, asking authority to present such laim. The required written notice of the filing of the petition ras waived by Gordon, and following a hearing the court au-horized presentation of the claim.
So far as pertinent here, Section 2117.06, Revised Code, movides:
“All creditors having claims against an estate shall present their claims to the executor or administrator in writing, in-jluding claims arising out of * * * tort * * *. All claims shall ae presented within four months after the date of the appoint-nent of the executor or administrator.”
This court has held that such a provision applies to an un-liquidated claim for damages arising out of tort. Pierce v. Johnson, Exr., 136 Ohio St., 95, 23 N. E. (2d), 993, 125 A. L. R., 867.
Section 2117.07, Revised Code, recites in part:
*356 “Anyone having a claim against an estate who fails to pre sent his claim to the executor or administrator within the tim prescribed by law may file a petition in the Probate Court fo authority to present his claim after the expiration of such time Such petition forthwith shall be assigned for hearing and a least five days before the date of the hearing the claimant shal give written notice thereof to the executor or administrator anc to such other parties as the court may designate. The cour may authorize such claimant to present his claim to the executoi or administrator if, on the hearing, the court finds as follows
“(A) That the claimant did not have actual notice of the decedent’s death or of the appointment of the executor or ad ministrator in sufficient time to present his claim within the period prescribed by Section 2117.06 of the Revised Code;
“(B) That the claimant’s failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial pari of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney;
“(C) That the claimant was subject to any legal disability during such period or any part thereof.
“A claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties * *
Since in the instant case a record was made in the Probate Court, an appeal on questions of law lay directly from that court to the Court of Appeals under Section 2101.42, Revised Code, provided an appealable order was involved.
This brings us to a consideration of Section 2505.02, Revised Code, which so far as relevant reads:
“An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding * * * is a final order which may be reviewed, affirmed, modified, or reversed * * (Emphasis supplied.)
Do we have a special proceeding here? and, if so, is the order of the Probate Court authorizing the presentation of the claim one which affects a substantial right?
In the case of Missionary Society of the M. E. Church v. *357 Ely, 56 Ohio St., 405, 47 N. E., 537, the Probate Court refused to idmit an alleged will to probate, and on appeal to the Court of Common Pleas that court made a like order. This court held hat the hearing of an application to the Probate Court to ad-nit an alleged will to probate is a special proceeding within the neaning of that term as used in Section 6707, Revised Statutes, and that the order of the Court of Common Pleas refusing to idmit the will was an order affecting a substantial right, from vhich error might be prosecuted to the then Circuit Court. Compare Hollrah v. Lasance, 63 Ohio St., 58, 57 N. E., 964.
Near the beginning of the opinion in the Missionary Society oase, the following language appears :
“Our Code does not, as does the Code of New York, specify that every remedy which is not an action is a special proceeding, nor does [sic] our statutes give any definition of an action or a special proceeding. But we suppose that any ordinary proceeding in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding.”
In 1 Corpus Juris Secundum, 958, Actions, Section 1, the following statement is made:
‘ ‘ The term ‘ special proceeding, ’ as used in the statutes and codes of procedure, has a well understood meaning, a generic term for all civil remedies in courts of justice which are not ordinary actions, and has been defined as a proceeding in court which was not, under the common-law and equity practice, either an action at law or a suit in equity.” See, also, 1 American Jurisprudence, 406, Section 4.
We think it can accurately be said that the term, “civil action,” as used in our statutes embraces those actions which, prior to the adoption of the Code of Civil Procedure in 1853 abolishing the distinction between actions at law and suits in equity, were denoted as actions at law or suits in equity; and that other court proceedings of a civil nature come, generally at least, within the classification of special proceedings.
*358 The proposition is simply and cogently put as follows the ease of Schuster v. Schuster, 84 Minn., 403, 407, 87 N. W. 1014, 1015:
“Where the law confers a right, and authorizes a speci application to a court to enforce it, the proceeding is speci; within the ordinary meaning of the term ‘ special proceedings. ’
Therefore, the proceeding provided by Section 2117.07, R vised Code, in connection with which a petition and no oth pleadings are required and wherein there is notice only, witho' service of summons, and which represents essentially an ind pendent judicial inquiry, is a special proceeding. Compare Chapman v. Dorsey, 230 Minn., 279, 282, 283, 41 N. W. (2d), 43 440, 441, 16 A. L. R. (2d), 1015, 1019, 1020.
Next, is the order made by the Probate Court in this speci; proceeding one which can be said to affect a substantial righ bearing in mind that “substantial right” means a legal rigl entitled to enforcement and protection by law? See North Smith, 73 Ohio St., 247, 249, 76 N. E., 619, and Sullivan v. Stor, Jr., 156 Neb., 177, 180, 55 N. W. (2d), 499, 502, 34 A. L. R. (2d 1142, 1146.
Section 2117.06, Revised Code, requiring the presentatio of a claim to an executor or an administrator within four month after his appointment is a statute of limitation or a nonclaii statute, whereby a claim not presented within the prescribe period is barred. It operates to relieve absolutely an executo or administrator and the estate he represents from respondin to a belated claim (Beach, Recr., v. Mizner, Exr., 131 Ohio St 481, 3 N. E. [2d], 417) and is so conclusive as to preclude a executor or administrator from waiving its requirements (Prudential Ins. Co. of America v. Joyce Building Realty Co., 143 Ohio St., 564, 56 N. E. [2d], 168).
To alleviate the effect of that statute of limitation, Sectioi 2117.07, Revised Code, empowers the Probate Court, upon ap plication, to authorize the presentation of a claim after the four month period has elapsed, provided the claimant can show tha his failure to make timely presentation was due to one of th( causes enumerated in the statute.
It is conceivable that the Probate Court may erroneously authorize the presentation of a claim on a ground other thar *359 Le ones prescribed by statute or abuse its discretion in au-Lorizing the presentation. If the court’s action thereon is final id not reviewable, the executor or administrator and the es-ite he represents would be in a sorry predicament indeed. They ould completely lose the benefit of Section 2117.06, Eevised ode, a valuable protection, and would not be in a position to o anything about it. The presentation of the claim having een authorized and such determination being final, that ques-on could not be collaterally raised and relitigated in a sepaate action brought in another court to enforce the claim, fol-iwing its rejection. In this respect, the situation is different rom one where a will is admitted to probate and where all ques-ions pertaining to the validity of the will can be raised and liti-■ated in an action to contest it. See In re Estate of Frey, 139 Ohio St., 354, 40 N. E. (2d), 145; In re Estate of Lyons, ante, 207.
In the face of Section 2117.06, Eevised Code, it is our confusion that an order authorizing the presentation of a belated laim is a final order affecting a substantial right in a special iroceeding and is subject to review.
The prevailing rule in most jurisdictions appears to be that i claimant who fails to make a timely presentation of his claim ;an not be relieved from the consequences of his failure except m those grounds specified by statute, and the order of a court authorizing the presentation of a claim out of time is subject to review and may be reversed for errors of law. The rule embraces an order either allowing or denying presentation of the slaim and is of particular significance where the correctness of the order may not be challenged in any future litigation. See 34 Corpus Juris Secundum, 217, 223, Executors and Administrators, Section 423.
Therefore, the judgment of the Court of Appeals is reversed and the cause remanded to that court for further proceedings.

Judgment reversed.

WeygaNdt, C. J., Stewart, Bell, Taet, Matthias and Herbert, JJ., concur.