STATE OF NEBRASKA, APPELLEE, V. MICHELLE S. WILSON,
APPELLANT.
469 N.W.2d 749

Filed May 24, 1991.   No. 90-433.

Richard L. Alexander, of Alexander, Alexander & Alexander, for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Upon complaint of the plaintiff-appellee State, the county court, following a bench trial, adjudged the defendant-appellant, Michelle S. Wilson, guilty of violating Neb. Rev. Stat. § 53-180 (Reissue 1988), which provides: "No person shall sell, give away, dispose of, exchange, or deliver, or permit the sale, gift, or procuring of any alcoholic liquors, to or for any minor or to any person who is mentally incompetent." The conviction was later affirmed by the district court. Wilson urges the district court erred in failing to find error on the record in that the evidence assertedly fails to support the charge. We affirm.

At approximately 11:24 p.m. on May 27, 1989, Trooper Douglas Carmichael of the Nebraska State Patrol stopped a vehicle being driven in excess of the speed limit by Mike D. Kyle. The vehicle proved to be registered to Wilson, who was one of five passengers. Kyle and all of the passengers save Wilson were under 21 years of age and, thus, were minors for the purposes of § 53-180. See Neb. Rev. Stat. § 53-103(23) (Reissue 1988). Carmichael detected the odor of both alcohol and burning marijuana as he reached the driver's side of the vehicle.

While Carmichael had the driver withdraw from the vehicle, a deputy sheriff conducted a search. One passenger, Rennae Lehning, was discovered to be concealing four cans of beer under her blouse. Three of these cans were open and partially full, and the fourth was unopened.

Passenger James Jones testified he did not see Wilson give alcoholic beverages to any of the occupants of the vehicle and that he was sure Wilson had not done so. Jones further testified that Lehning brought some beer into the vehicle but that it was not Wilson's beer.

Wilson admitted that earlier in the day she had consumed "three or four" cans out of a six-pack of beer while in her vehicle. She testified that this beer was of the same brand as that found on Lehning's person that evening and that the balance of that six-pack was in her vehicle when Jones, Mike Kaiser, and the driver entered it.

Wilson further testified that she saw Lehning bring only one can of beer into the vehicle prior to its being stopped. She denied giving beer to any occupant of the vehicle at any time.

The crux of Wilson's argument is that because there was no testimony declaring that she had given alcoholic beverages to any of the occupants of the vehicle and, further, that because there was testimony she had not done so, her guilt was not established beyond a reasonable doubt. This position finds no support in the law.

A criminal conviction may rest upon circumstantial evidence. *State v. Fellman*, 236 Neb. 850, 464 N.W.2d 181 (1991); *State v. Jones*, 230 Neb. 968, 434 N.W.2d 333 (1989). In addition, this court, upon review of a criminal conviction, will

not resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. *State v. Twohig, ante* p. 92, 469 N.W.2d 344 (1991); *Fellman, supra.* These matters are entrusted to the finder of fact, whose findings are to be sustained if the evidence, viewed in the light most favorable to the State, is sufficient to support them. *Id.* Finally, where the trial court sits as the finder of fact in a criminal case, its findings will not be disturbed on appeal unless clearly wrong. *State v. Fellman, supra.* With those standards in mind, we move on to consider the facts at hand.

The uncontradicted evidence is that Lehning, upon departing from Wilson's vehicle, was in possession of four cans of beer. Wilson herself admitted that she had earlier left in her vehicle two or three cans of the same brand of beer as that found on Lehning's person. Finally, Wilson testified that she had seen Lehning bring only one can of beer into her vehicle. From these circumstances an impartial finder of fact could reasonably conclude that some of the minors had partially consumed the three open cans of beer found on Lehning and that Wilson had delivered the cans to one or more of those minors.

Accordingly, the evidence is sufficient, Wilson's denials notwithstanding, to support a finding that she violated the terms of § 53-180. That being so, the judgment of the district court is hereby affirmed.

AFFIRMED.