STATE OF NEBRASKA, APPELLEE, V. LARRY L. LEGRAND,
APELLANT.

541 N.W.2d 380

Filed December 22, 1995.   Nos. S-93-1086, S-93-1087.

(1)

Robert Wm. Chapin, Jr., for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and GERRARD, JJ.

FAHRNBRUCH, J.

In these two "separate proceeding" cases, Larry L. LeGrand asked the Dodge County Court to invalidate two of LeGrand's earlier convictions for driving while under the influence of alcohol (DUI). LeGrand did so to avoid those convictions being used to enhance the sentence in a third DUI charge pending against him in Lancaster County.

In each of his petitions, LeGrand claimed that the trial records in each of the two challenged convictions did not affirmatively show that he entered his guilty plea freely, voluntarily, knowingly, and intelligently.

The Dodge County Court denied the prayers of LeGrand's petitions. LeGrand appealed, and the district court for Dodge County affirmed the denial. Upon appeal, the Nebraska Court of Appeals affirmed the district court's order, claiming that under the holdings in *Custis v. U.S.*, ____ U.S. ____, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), and *Nichols v. U.S.*, ____ U.S. ____, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), a separate proceeding to collaterally attack prior state convictions

is not constitutionally mandated. *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995).

The Nebraska Court of Appeals erred in determining that separate proceedings to collaterally attack previous convictions, though repeatedly upheld by this court, were not available to LeGrand.

Based on the merits, we affirm the judgment of the district court for Dodge County because LeGrand freely, voluntarily, knowingly, and intelligently pled guilty in each of his two prior convictions. The trial court was not clearly wrong in holding as it did in each case.

## ASSIGNMENTS OF ERROR

LeGrand assigns as error that (1) the Nebraska Court of Appeals erred in applying the U.S. Supreme Court's decisions in *Custis v. U.S., supra*, and *Nichols v. U.S., supra*, to overrule this court's holdings in *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), and *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989); (2) the Nebraska Court of Appeals' decision conflicts with this court's holdings in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981); and (3) the Nebraska Court of Appeals' conclusion of law is contrary to the plain language of Neb. Rev. Stat. § 39-669.07(3) (Cum. Supp. 1992).

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

When the trial court sits as the finder of fact, its findings will not be disturbed on appeal unless clearly wrong. See *State v. Wilson*, 238 Neb. 217, 469 N.W.2d 749 (1991).

## FACTS

The State sought to use two earlier Dodge County DUI convictions against LeGrand to increase a pending DUI charge to third-offense DUI in Lancaster County.

In response, LeGrand sought separate proceedings in Dodge County Court to invalidate the two earlier DUI convictions. LeGrand alleged that the prior convictions were invalid because

the trial records failed to affirmatively establish that his guilty pleas had been freely, voluntarily, knowingly, and intelligently entered as required by *State v. Tweedy, supra*.

In the first previous conviction, the record reflects that on August 11, 1987, LeGrand, with counsel present, was arraigned in Dodge County Court on a charge of DUI. The record further reflects that LeGrand was advised of the penalties for the offense; informed of his privilege against self–incrimination; apprised of his rights to confront witnesses, to trial by jury, to counsel, and to due process with proper notice and a fair and impartial hearing; and informed that if he pled guilty he forfeited his presumption of innocence and relieved the State of its burden to prove beyond a reasonable doubt each element of the crime charged and waived all defenses. LeGrand pled not guilty.

On September 18, 1987, LeGrand appeared with counsel before a different judge in the Dodge County Court to be rearraigned and change his plea. At the rearraignment, the record is silent as to whether LeGrand waived his privilege against self–incrimination, his right to confront witnesses, his right to a trial by jury, his right to counsel, and his right to due process with proper notice and a fair and impartial hearing. The record is also silent as to whether the court advised LeGrand that if he pled guilty he forfeited his presumption of innocence and relieved the State of its burden to prove beyond a reasonable doubt each element of the crime charged.

> However, the county court, through a checklist, did state that defendant advised the Court that he/she understood the nature of the charge(s), the possible penalties that might be imposed, and all rights available to him by law, and that this plea to the charge(s) was entered fully voluntary [sic], knowingly, and intelligently, with full understanding of the consequences.

LeGrand entered a plea of guilty which was accepted by the court, and LeGrand was sentenced on October 13, 1987. LeGrand did not appeal his conviction.

LeGrand's second earlier DUI conviction stems from an October 12, 1990, arrest in Dodge County. In regard to the October 12 arrest, LeGrand appeared with counsel at an

arraignment in Dodge County Court on November 6. The record reflects that LeGrand was advised of the penalties for the offense; informed of his privilege against self–incrimination; apprised of his rights to confront witnesses, to a trial by jury, to counsel, and to due process with proper notice and a fair and impartial hearing; and informed that if he pled guilty he forfeited his presumption of innocence and relieved the State of its burden to prove beyond a reasonable doubt each element of the crime charged and waived all defenses. LeGrand pled not guilty.

On February 19, 1991, LeGrand appeared before the same judge in Dodge County Court to be rearraigned and to change his plea. The record reflects that LeGrand was advised of all his rights just as he had been at the previous arraignment. The record further reflects that LeGrand waived all of those rights. LeGrand freely, voluntarily, knowingly, and intelligently pled guilty. LeGrand was sentenced on March 26. LeGrand did not appeal this conviction.

The trial court denied LeGrand's petitions to invalidate the two prior DUI convictions. LeGrand appealed to the district court for Dodge County, which affirmed the order of the trial court. LeGrand then appealed to the Nebraska Court of Appeals.

The Nebraska Court of Appeals affirmed the district court decision without reaching the merits of LeGrand's constitutional claim. The Nebraska Court of Appeals noted that this court allowed separate proceedings to attack DUI enhancement proceedings based on U.S. Supreme Court holdings in *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), and *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980). The Nebraska Court of Appeals also noted that the U.S. Supreme Court overruled the *Baldasar v. Illinois* decision in its opinion in *Nichols v. U.S.*, ____ U.S. ____, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994). The Nebraska Court of Appeals stated that under *Custis v. U.S.*, ____ U.S. ____, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), and *Nichols v. U.S., supra*, a state need not provide separate proceedings in order to comport with federal constitutional law. The Nebraska Court of Appeals held that it is impermissible to

attack the validity of a prior conviction in an enhancement proceeding on any grounds, with one exception: Challenges to prior plea–based convictions offered for enhancement purposes are allowed when based on the transcript's failure to disclose whether the defendant had or waived counsel at the time the pleas were entered, when the defendant was sentenced to imprisonment for any period of time as a result of the pleas. *LeGrand v. State*, 3 Neb. App. 300, 527 N.W.2d 203 (1995). LeGrand petitioned this court for further review of the cases, and we granted the petition. The cases were consolidated for the proceedings in this court.

## ANALYSIS

### SUBJECT MATTER JURISDICTION

Initially, we address the State's argument that the Dodge County Court lacked subject matter jurisdiction to hear LeGrand's petition for separate proceedings.

The State relies on Neb. Rev. Stat. § 24–517 (Cum. Supp. 1994) to argue that Dodge County Court lacks subject matter jurisdiction to modify its own judgments.

The State's argument runs afoul of Neb. Const. art. I, § 13, which provides: "All courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." The foregoing constitutional provision is self–executing and controlling, paramount and mandatory upon all courts of this state. *Sullivan v. Storz*, 156 Neb. 177, 55 N.W.2d 499 (1952). When a constitution gives a general power or enjoins a duty, it also gives, by implication, every power necessary for the exercise of the one or the performance of the other. *Burnham v. Bennison*, 121 Neb. 291, 236 N.W. 745 (1931).

The courts of Nebraska, through their inherent judicial power, have the authority to do all things reasonably necessary for the proper administration of justice, whether any previous form of remedy has been granted or not. *Laschanzky v. Laschanzky*, 246 Neb. 705, 523 N.W.2d 29 (1994).

This holds particularly true in the case of a void judgment. A judgment issued from a proceeding that violates a citizen's

right to due process is void. *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990); *State v. Von Dorn*, 234 Neb. 93, 449 N.W.2d 530 (1989); *State v. Ewert*, 194 Neb. 203, 230 N.W.2d 609 (1975); *In re Application of Maher, North v. Dorrance*, 144 Neb. 484, 13 N.W.2d 653 (1944); *In re Betts*, 36 Neb. 282, 54 N.W. 524 (1893).

A void judgment may be set aside at any time and in any proceeding. *VonSeggern v. Willman*, 244 Neb. 565, 508 N.W.2d 261 (1993); *Marshall v. Marshall*, 240 Neb. 322, 482 N.W.2d 1 (1992); *State v. Ewert, supra*; *Ehlers v. Grove*, 147 Neb. 704, 24 N.W.2d 866 (1946); *Hayes County v. Wileman*, 82 Neb. 669, 118 N.W. 478 (1908).

Therefore, because LeGrand challenged an allegedly void judgment, the Dodge County Court did have subject matter jurisdiction, as contemplated by Neb. Const. art. I, § 13, to hear his petitions for separate proceedings.

VENUE

LeGrand filed his separate proceeding petitions in Dodge County Court, where the contested prior convictions were rendered. The State argues that LeGrand should have filed his petitions in Lancaster County where he was charged with his third DUI conviction.

Although we have not previously addressed where separate proceedings should be filed, this court has held that a proceeding to vacate and set aside a judgment for the reason that it is void must be brought in the court in which the judgment was rendered. *Rasmussen v. Rasmussen*, 131 Neb. 724, 269 N.W. 818 (1936). The challenge of the previous judgment must be brought in the court which rendered the judgment, otherwise the records of one court would be under the control of other courts of coordinate jurisdiction. A judgment is a matter of record and can only be changed, set aside, or modified by the court by whose authority the record is made or by the direction of a court of higher jurisdiction in proceedings to review the judgment. If this were not so, chaos would result. *State ex rel. Long v. Westover*, 107 Neb. 593, 186 N.W. 998 (1922).

Accordingly, LeGrand correctly filed his petitions for separate proceedings in Dodge County Court.

SEPARATE PROCEEDINGS AND *CUSTIS V. U.S.*

LeGrand argues that the Nebraska Court of Appeals erred in interpreting the U.S. Supreme Court's decisions in *Custis v. U.S.*, ___ U.S. ___, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), and *Nichols v. U.S.*, ___ U.S. ___, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), as authority to invalidate "separate proceedings" in Nebraska.

A defendant cannot collaterally attack a prior conviction in an enhancement proceeding. *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989). Therefore, objections to the validity of a prior conviction offered for the purpose of sentence enhancement, beyond the issue of whether the defendant had counsel or waived the right to counsel, constitute a collateral attack on the judgment, and must be raised either by a direct appeal from the prior conviction or in separate proceedings commenced expressly for the purpose of setting aside the prior conviction. *Id.* See, also, *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992).

The Nebraska Court of Appeals was correct when it stated that we followed U.S. Supreme Court precedent in recognizing the right to collaterally attack prior convictions through a separate proceeding. See *State v. Wiltshire, supra* (following *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), and *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980)). State courts are bound by the decisions of the U.S. Supreme Court when they establish a citizen's due process rights under the federal constitution. U.S. Const. art. VI. See *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60 (1803).

However, states are free to afford their citizens greater due process protection under their state constitutions than is granted by the federal constitution. See *Michigan v. Long*, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983).

Accordingly, the Nebraska Court of Appeals erred in presuming that this court would automatically apply to Nebraska a U.S. Supreme Court holding that restricts where federal defendants subject to federal recidivist statutes may challenge earlier convictions used for federal sentence enhancement.

Moreover, *Custis v. U.S., supra,* and *Nichols v. U.S., supra,* do not suggest that Nebraska's separate proceedings are no longer valid. In *Custis v. U.S.,* the Court addressed whether a defendant in a federal sentencing proceeding may collaterally attack the validity of previous state convictions that are used to enhance the defendant's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1994). The Court held that, based upon the language of the statute, Congress did not intend to permit collateral attacks on prior convictions under § 924(e). In *Nichols v. U.S.,* the Court overruled its holding in *Baldasar v. Illinois, supra,* and held that an uncounseled misdemeanor conviction, where no prison term was imposed, is valid when used to enhance punishment at a subsequent conviction.

Thus, there exists no federal mandate to overrule separate state proceedings to collaterally attack prior state convictions on grounds other than right to counsel or waiver of counsel. A constitutionally invalid conviction used for sentence enhancement works a second constitutional violation on the defendant by allowing an invalid conviction to serve as a predicate for a recidivist conviction. Without separate proceedings, a defendant in a state case, who is not in custody, has no other forum to challenge a constitutionally infirm judgment sought to be used for sentence enhancement. With this in mind, we reaffirm our holdings in *State v. Oliver, supra,* and *State v. Wiltshire, supra,* that separate proceedings are a valid means to collaterally attack allegedly constitutionally invalid prior convictions used for sentence enhancement.

### Validity of LeGrand's Prior Convictions

LeGrand alleges that the records of his two prior convictions for DUI do not affirmatively show that his guilty pleas were entered freely, voluntarily, knowingly, and intelligently.

In order to support a finding that a plea of guilty or nolo contendere has been entered freely, voluntarily, knowingly, and intelligently, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to

determine that he or she understands the foregoing. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. See *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). See *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981).

As to LeGrand's 1987 conviction, the record reflects that the county court apprised LeGrand of all of his rights set out in *State v. Irish, supra*, during the arraignment at which LeGrand pled not guilty. At the subsequent rearraignment at which LeGrand changed his plea to guilty, the record is silent as to whether LeGrand waived his privilege against self-incrimination and his rights to confront witnesses, to trial by jury, to counsel, to due process with proper notice, and to a fair and impartial hearing. The court, through a checklist, did state that LeGrand understood the nature of the charge, the possible penalties that might be imposed, and all rights available to him by law, and that his plea was entered voluntarily, knowingly, and intelligently, with full understanding of the consequences.

That the record is silent regarding certain rights in the rearraignment is irrelevant because those rights were explained to LeGrand in his prior arraignment. Once a defendant is informed of his constitutional rights, there is no requirement that the court advise the defendant on each subsequent court appearance of that same right. See *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991). LeGrand understood all the rights that he stood to lose by pleading guilty. With that in mind, he chose to change his plea from not guilty to guilty. The court, upon LeGrand's change of plea, made certain that LeGrand understood the nature of the charge, the possible penalties that might be imposed, and all rights available to him by law.

LeGrand's 1987 conviction is far removed from the facts in *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991), in which we held that when a record is silent as to a defendant's opportunity for counsel, the court may not presume such rights were respected. *Id.* In *State v. Nowicki*, the record was silent as to the defendant's right to counsel at the arraignment and trial.

Not until sentencing did the court inform the defendant of his right to counsel. Obviously, one cannot presume that the defendant understands rights prior to being advised of those rights. In the case at bar, the record reflects that LeGrand understood his rights prior to pleading guilty in 1987.

As to the 1991 prior conviction, the record reflects that at LeGrand's arraignment, at which he pled not guilty, LeGrand was advised of all of his rights set out in *State v. Irish, supra*. When LeGrand changed his plea to guilty, the court again covered all of the *State v. Irish* requirements.

LeGrand's argument that he did not sign the checklist which verifies that he entered a constitutional guilty plea is immaterial. A checklist, authenticated by the signature or initials of the judge, which indicates that all constitutional requirements have been met, becomes a part of the record and may affirmatively establish an intelligent and knowing guilty plea. *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984).

Since we have already stated that separate proceedings under *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989), and *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), are available to defendants and have not been vitiated by any federal court holdings, we do not need to address LeGrand's final assigned error in which he contends that the Legislature, through § 39-669.07(3), intended to create separate proceedings to allow collateral attacks of prior convictions.

## CONCLUSION

The Nebraska Court of Appeals erred in reversing our holdings in *State v. Oliver, supra*, and *State v. Wiltshire, supra*. The Nebraska Court of Appeals does not have authority to reverse the holdings of the Nebraska Supreme Court. Second, the Nebraska Court of Appeals' reliance on U.S. Supreme Court holdings was misplaced because *Custis v. U.S.*, ____ U.S. ____, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), does not impact this state's laws regarding the right of state defendants to collaterally attack prior state convictions being used for enhancement purposes.

We affirm the denial of LeGrand's petitions to invalidate the prior convictions, because the record reflects that LeGrand did

freely, voluntarily, knowingly, and intelligently plead guilty in each of his two prior convictions.

AFFIRMED.

CONNOLLY, J., not participating.

WRIGHT, J., concurring.

I concur in the result of the majority's opinion, which denied LeGrand's petition to invalidate his prior convictions. I would not adhere to a decision that would permit a defendant to stall sentence enhancement proceedings by a collateral attack of the prior convictions used for sentence enhancement on the basis that such convictions were not freely, voluntarily, knowingly, and intelligently made. In my opinion, enhancement proceedings should continue independent of any separate proceeding that the defendant brings. The enhancement proceedings should not be placed in limbo for years, pending resolution of such a separate proceeding.

In *Custis v. U.S.*, ____ U.S. ____, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), the Court granted certiorari to determine whether a defendant in a federal sentencing proceeding may collaterally attack the validity of previous state convictions that are used to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1994). The Court held that the defendant had no such right to collaterally attack prior convictions, except convictions obtained in violation of the right to counsel. On the basis of *Custis*, I would not permit a defendant to collaterally attack prior convictions in order to stall an enhancement proceeding.