This is a child custody modification case.
In 1980 the parties were divorced and no provision was then made for the custody of the unborn child of the parties. In 1983 the father filed proceedings for the custody of the child, a daughter. An ore tenus trial was conducted by the trial court in October 1983. There was testimony then presented that the mother, the child and Ricky Crews (Ricky), who was married to someone other than the mother, had been living together in a house trailer for the previous year. Ricky had been convicted of forgery in the second degree, possession of marijuana and grand larceny, and had served a portion of a sentence in the penitentiary. He admitted to previously selling drugs but denied any recent sales; however, that denial was controverted by evidence which tended to implicate him in marijuana sales within the last three or four months. A motorcycle engine was repaired by Ricky in the living room of the house trailer, which resulted in grease and gasoline being upon the floor. Alcoholic beverages were consumed at or about the house trailer in the child's presence. The child began to use curse words and her attitude changed for the worse. There was evidence that the father was a fit person to have custody of the three-year-old daughter. *Page 526 
Apparently the trial court determined to give the mother another, perhaps the last, chance to have custody of the child. In any event, on October 26, 1983, the trial court rendered a judgment which confirmed the custody of the child in her mother, upon the condition that Ricky move from the premises occupied by the mother and child by November 1, 1983, and that the mother have no further contact with Ricky after his move. The father and paternal grandparents were granted visitation rights with the child. No appeal was taken from that judgment.
The father's next custody pleading was filed on March 16, 1984. After extensive evidence was heard ore tenus by the trial court, a judgment was rendered which determined that, according to the testimony of the mother, she saw Ricky on at least five occasions after October 1983, and that, according to the testimony of other witnesses, the couple were seen together on two other occasions, the last being in February 1984. The trial court decided that it was in the welfare and best interest of the child that her custody be awarded to the father, and such an order was made with the mother being granted liberal visitation rights. The mother timely appealed.
In viewing that 1984 evidence in light of the ore tenus rule and other presumptions, the following is pertinently revealed.
After the 1983 judgment, the father moved from a rather small apartment to a 65-foot mobile home which is located upon his parents' farm about 1,000 feet from their home. The father has changed jobs from being a longhaul trucker to driving a local delivery truck, which permits him to now be at home every night. Again there was evidence that the father and his present wife are fit to have custody, that they love the child and that they will provide a stable home atmosphere for her which will be morally correct, and that the physical surroundings will be conducive with the physical well-being and care of the minor child. The paternal grandparents will assist in the rearing of the child.
The mother testified that she willingly violated the trial court's 1983 visitation order by denying to the father and to his parents those privileges.
Between the two judgments, the father picked up the child at three different residences where the mother and the child were then residing. The father was given no information as to whether they lived at two other pick-up places.
Since the 1983 judgment, the mother began working from Monday through Friday from 3:30 P.M. until 12:30 the following morning. While at work, she left the child with a babysitter at the sitter's home and, after her shift, the mother would awaken the child and take her home.
The evidence fully substantiated the trial court's findings regarding the mother's associations with Ricky after October 1983. The mother denied some of those meetings with Ricky and attempted to explain others as being of a business nature and being outside of the child's presence. She further testified that she has severed all relationships with Ricky. Evidence was also presented on her behalf which, if believed, would soften the effect of some of the facts as we have summarized them.
We have read and studied all of the extensive evidence which was heard by the trial court. Being an ore tenus matter, the factual holding of the trial court in favor of custody being awarded to the father is presumed to be correct, and we are not authorized to alter it unless the judgment was so unsupported by the evidence as to be palpably wrong. Rodgers v. Hill,453 So.2d 1057 (Ala.Civ.App. 1984). A child custody modification decision rests within the sound discretion of the trial court.Davis v. Davis, 451 So.2d 316 (Ala.Civ.App. 1984). The parent seeking the modification of a prior custody judgment has the burden of proof and must produce evidence that a change of custody will materially promote the welfare of the child; that is, evidence must be offered to overcome any disruptive effect which might be caused by uprooting the child. Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). There was most adequate *Page 527 
evidence to award custody to the father following the trial in October 1983, but, instead of doing so, the trial court opted to give to the mother conditional custody, and no appeal was taken from that decision. The mother promptly violated that clear and explicit condition. The mother's violation of that condition in the conditional custody award, her violation of the prior order of court as to visitation, the mother's hours of employment, her moving several times in a relatively short period of time, and the improvement in the home facilities and job of the father, are all factors which may be considered, although none of those factors, when considered alone, may justify a change in custody. Davis v. Davis, supra; McRight v.McRight, 444 So.2d 869 (Ala.Civ.App. 1984); McKim v. McKim,440 So.2d 562 (Ala.Civ.App. 1983). However, the totality of the circumstances were such that whether or not child custody should have been granted to the father in 1984 rested within the discretion of the trial court. We find no abuse of that discretion. The modification judgment was supported by competent evidence that a change of custody to the father would substantially promote the welfare of the child, and such evidence was adequate to overcome any disruptive effect occasioned by that change of custody. We affirm.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.