WRIGHT, Presiding Judge.
This is a child custody modification case. The case involves these facts: A child was born to Rowena Cook in December 1978, and shortly thereafter the child was *920 left by the mother with the maternal grandparents. In November 1981 the child was adjudicated dependent and temporary custody was placed with the grandparents. In January 1983 the mother filed a petition to modify custody, which was granted. The court returned custody of the child to the mother and granted specified visitation rights in the grandparents. In May 1985 the grandparents filed a petition to modify custody, alleging that the child was not receiving proper medical care and that continued residence in the mother’s home was detrimental to the health and well-being of the child. The court denied the petition and continued custody with the mother, subject to visitation by the grandparents. This order was conditioned upon the mother and her husband complying with certain contingencies. These contingencies were met and a final order was entered by the court in November 1985. This order left custody of the child with the mother subject to the grandparents’ visitation privileges. The grandparents appeal from that order.
There are two issues presented on appeal: (1) whether the trial court abused its discretion when it awarded custody of the child to its natural mother, and (2) whether this appeal should be dismissed for lack of jurisdiction.
A decision to modify child custody rests within the sound discretion of the trial court. Johnson v. Sparks, 437 So.2d 1308 (Ala.Civ.App.1983). This court will not reverse the decision of the trial court unless the judgment was so unsupported by the evidence as to be plainly and palpably wrong. Steward v. Steward, 464 So.2d 525 (Ala.Civ.App.1985). While it is true that there is a presumption that the best interests of the child lie with custody in a natural parent, the paramount considerations in a child custody case are the welfare and best interests of the child. Cokely v. Cokely, 469 So.2d 635 (Ala.Civ.App.1985); Matter of Young, 456 So.2d 823 (Ala.Civ. App.1984). The party seeking modification in such a case has the heavy burden of proving that a change in custody will materially promote the child’s welfare and best interests. Matter of Young, supra.
The evidence discloses that the child in this case is seven years of age and has moved from one home to another several times since her birth. The child has been with her mother since December 1983 and has become a part of a family unit. The record reveals that the mother and her husband have attended six parenting classes and have a home that is adequately furnished and sufficiently clean. It further shows that the mother has taken the ehild to a doctor for allergy treatments and has made efforts to eliminate allergens in her home which have caused the child to have reactions. The child’s guardian ad litem and the Calhoun County Department of Pensions and Security recommended that custody remain with the mother. We find that the evidence does not show that the interest and welfare of the child would be materially promoted by transferring custody from the mother to the grandparents.
Rule 28, A.R.J.P., provides that a written notice of appeal must be filed within fourteen days of the final judgment, order or decree. In this case the court’s order rendered on August 30, 1985, was not final and conclusive since the mother was ordered to meet certain contingencies. The final order was rendered on November 25, 1985, and the grandparents filed their notice of appeal on November 27, 1985. The notice of appeal was timely.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.