MARTHA J. ROLLOGAS, APPELLANT, V. TIMOTHY X. ROLLOGAS, APPELLEE.

429 N.W.2d 727

Filed September 30, 1988.   No. 88-089.

James H. Hoppe, of Watkins-Scott-Hoppe, for appellant.

Douglas W. Marolf for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

HOWARD, D.J.

The mother appeals from an order of the district court modifying a decree of dissolution by awarding custody of the minor child, Brandon, to the father. She assigns as error the court's determination that a material change of circumstances had occurred which affected Brandon's best interests.

In a previous order, of December 20, 1985, denying the respondent father's application for a change in custody, the court stated that "due to the criminal record of one MacArthur Miles [sic] and his propensity toward violence as reflected in the evidence . . . the petitioner should be enjoined from permitting Brandon Rollogas to have any contact whatsoever with MacArthur Miles [sic] . . . ." The decretal portion provided that "the petitioner be and she hereby is enjoined from permitting Brandon Rollogas, a minor, to have any contact whatsoever with MacArthur Miles [sic] . . . ." There was no appeal from this order. On August 11, 1987, the temporary custody of Brandon

was granted to the father until trial on November 3, 1987, of the matter now appealed from.

Appellant argues that, conceding several contacts of Brandon with McArthur Myles permitted by the mother, no change of circumstances has been shown in that there was no evidence of any material change in Brandon's condition through any unfitness or neglect of the mother, nor any harmful effect on Brandon by reason of his contacts with Myles. The father presented evidence of many contacts of the child with Myles, who was observed at the home on a more or less regular basis, although he apparently did not reside there. The mother has stated that she does not like the order prohibiting Brandon's contact with Myles, and according to the guardian ad litem, his lengthy pleas for her to discontinue the contacts "fell on deaf ears." Finally, the father and his present wife testified as to the lack of extracurricular activities allowed Brandon when living with his mother, in contrast with church, athletic, and family activities he had enjoyed during the approximately 3 months he was in the father's custody before trial, as well as to his educational development and personality improvement.

We regard the previous order granting custody to the mother as conditional in nature. The finding of a deliberate and continued violation of the condition effectively recalled the case for consideration anew, in the service of the child's best interests. Moreover, the Myles contacts and defiant attitude of the mother created an environment for the child unanticipated by the trial court, which was entitled to assume its orders would be obeyed. A defiant violation of the court's orders is generally regarded as a factor in itself to be considered in a custody contest. *Steward v. Steward*, 464 So. 2d 525 (Ala. App. 1985); *Foster v. Foster*, 300 S.W.2d 857 (Mo. App. 1957); *Ford v. Ford*, 108 Idaho 443, 700 P.2d 65 (1985); *Grein v. Grein*, 364 N.W.2d 383 (Minn. 1985).

We find no abuse of discretion, and to the extent that the evidence is in conflict, we consider and give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Hicks v. Hicks*, 223 Neb. 189, 388 N.W.2d 510 (1986).

AFFIRMED.