BRYAN E. HIBBARD, SR., APPELLANT, V. THERESA A. HIBBARD,
APPELLEE.

431 N.W.2d 637

Filed November 18, 1988.    No. 87-1105.

James E. Case, of Case, Reinsch & Slattery, P.C., for appellant.

Richard W. Harter, of Harter Law Offices, P.C., for appellee.

HASTINGS, C.J., WHITE, CAPORALE, and FAHRNBRUCH, JJ., and REAGAN, D.J.

FAHRNBRUCH, J.

Bryan E. Hibbard, Sr., appeals a modification of a dissolution decree changing the custody of three minor children from Hibbard to the children's mother, Theresa Kirkland, formerly Theresa A. Hibbard. We affirm.

The Cass County District Court found that Hibbard denied the children's mother adequate visitation with the minor children and that the denial constituted a change of circumstances sufficient to grant a change of custody.

Child custody determinations are matters initially entrusted to the discretion of the trial court, and, on appeal, although the Supreme Court reviews these cases de novo on the record, the trial court's determination will normally be affirmed in the absence of an abuse of discretion. See, *Clark v. Clark*, 228 Neb. 440, 422 N.W.2d 793 (1988); *Staman v. Staman*, 225 Neb. 864, 408 N.W.2d 320 (1987).

We have held that an order concerning custody of children will not be modified unless there has been a material change of circumstances indicating that the person with custody of the children is unfit *or* that the best interests of the children require such action. *Clark v. Clark, supra*; *Hicks v. Hicks*, 223 Neb. 189, 388 N.W.2d 510 (1986); *Hoschar v. Hoschar*, 220 Neb.

913, 374 N.W.2d 64 (1985).

There is no allegation that Hibbard, who is an American airman stationed in England, is an unfit parent. It, therefore, must be determined if the best interests of the three children require a change of custody. The record reflects Hibbard left the jurisdiction of the court with the children without the judge's permission. That alone is not sufficient to warrant a change of custody, but it is important in connection with other evidence.

"While a move from the jurisdiction does not by itself necessarily affect the best interests of the children, nevertheless, when considered in conjunction with other evidence, such a move may well be a key factor which would warrant a modification." *Clark v. Clark, supra* at 444, 422 N.W.2d at 796.

The record reflects that by removing the minor Hibbard children to England without permission of the court, by breaking promises in regard to visitation, by being uncommunicative and uncooperative, by hiding his whereabouts from the children's mother, by failing to comply with the court's visitation orders, and by being in contempt of court for disregarding visitation orders, Hibbard for nearly 3 years intentionally and effectively denied visitation of his minor children with their natural mother.

We have recognized that " ' "[v]isitation is a key ingredient of raising children, and it is in the best interests to be with their respective parents to the utmost . . . ." ' " *Clark v. Clark, supra* at 444, 422 N.W.2d at 796, quoting from *Heyne v. Kucirek*, 203 Neb. 59, 277 N.W.2d 439 (1979).

Children have the right to be treated as interested and affected persons and not as pawns or chattel of either or both parents. Except for unusual circumstances, children of divorced parents have the right to know the noncustodial parent and to have the benefit of that parent's love and guidance through adequate visitation. Hibbard for nearly 3 years denied his children the opportunity to know their mother and have the benefit of their mother's love and guidance. Such denial was not in the best interests of the children. The denial of visitation, together with the removal of the children from the United States without court approval, constitutes a material

change of circumstances justifying transfer of the children's custody from the father to the mother.

Hibbard's assignment of error regarding change of the children's custody to their mother is without merit.

Hibbard also complains that the trial court committed error by not granting his request for a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. §§ 501 et seq. (1982). The act provides at § 521:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act . . . unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

The determination of an application for a stay under § 521 depends upon the facts and circumstances of each case. *Sullivan v. Storz*, 156 Neb. 177, 55 N.W.2d 499 (1952); *Graves v. Bednar*, 167 Neb. 847, 95 N.W.2d 123 (1959). The act cannot be construed to require a continuance on a mere showing that the defendant is in the military service. *Sullivan v. Storz, supra*; *Boone v. Lightner*, 319 U.S. 561, 63 S. Ct. 1223, 87 L. Ed. 1587 (1943).

The record fails to reflect that Hibbard made any showing for a stay other than to state in his motion that he was in the armed forces on active duty in England and the conclusion that a failure to stay the proceedings would create a disadvantage to him. Hibbard's motion for a stay was not verified and was signed by his attorney. The record before this court does not reflect that Hibbard presented any competent factual evidence, by way of affidavit or otherwise, in support of the stay. Hibbard's motion contained a "mere showing" that the defendant was in the military service, and under *Sullivan, supra*, that is insufficient to obtain a stay.

In its order denying the stay, the trial court found from the

records and files that Hibbard removed the children from the jurisdiction of the court without authority; that on October 3, 1985, Hibbard was found in contempt of court for failing to comply with visitation privileges granted the mother; and that Hibbard failed to purge himself of contempt.

The modification hearing was originally set for July 23, 1987. The trial judge further noted that Hibbard was given a 38-day leave to return to the United States, from July 6 to August 12, 1987. Hibbard failed to contact the court as to any of the pending matters and failed to provide Kirkland visitation rights with her children. Kirkland's modification petition had been pending since November 19, 1985.

Under the circumstances of this case, we cannot say the trial judge abused his discretion in denying a stay under the Soldiers' and Sailors' Civil Relief Act.

There being no error, all of the trial judge's rulings should be affirmed.

AFFIRMED.