L. CHARLES WRIGHT, Retired Appellate Judge.
This is a child custody case.
Michael Marotta was found dependent in September 1987 and temporary custody was awarded to the Department of Human Resources (DHR). In May 1988 custody was returned to Sharon Deacy (the mother) with the following stipulations:
“1) That she continues to accept homemaker services at least twice a week.
“2) That she continues to attend parenting classes.
“3) That she and Mrs. Alexander continue to attend and complete TASC.
“4) That she follows treatment plan at Eastside Mental Health.
“5) That she pre-registers Michael for Kindergarten at Centerpoint Elementary.
“6) That she not allow any guest[s] in home that drink alcoholic beverages.
“7) That she continue to work vocational rehabilitation.
“8) DHR supervision.”
*571 In September 1988, due to alleged violations of the agreement, the trial court ordered Michael returned to the custody of DHR. During the hearing on the allegations, Vivian Alexander (the maternal grandmother) filed a petition for custody. The trial court denied Mrs. Alexander’s petition and ordered the custody of Michael to remain with DHR. Mrs. Alexander filed a motion for new trial, which was denied. She appeals.
The paramount considerations in a child custody case are the welfare and best interests of the child. The decision of the trial court will not be reversed unless the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Mower v. Cook, 490 So.2d 919 (Ala.Civ.App.1986).
Mrs. Alexander contends that the denial of her petition is unsupported by the evidence and is therefore plainly and palpably wrong.
The evidence discloses that Michael is five years old and that Sharon and Mrs. Alexander are his only blood relatives. Sharon has lived with her mother most of her adult life. Mrs. Alexander has been Michael’s primary caretaker since birth, except for the periods of time in which he was in foster homes. The relationship between Sharon and her mother has not been a good one. There was testimony that Michael often acted as a mediator between his mother and grandmother.
When legal custody was returned to Sharon in May 1988, it was done so conditionally. Aware of the fact that Sharon and Michael would be living with Mrs. Alexander, the trial court suggested that Mrs. Alexander also get some form of counseling. Sharon and Mrs. Alexander failed to faithfully attend any drug/alcohol or counseling program. The record further reflects that John Ezekiel was a constant visitor in their apartment and that during the majority of his visits he was drinking alcoholic beverages. Mrs. Alexander also admitted that she and Sharon occasionally drank alcoholic beverages. During this period the record reveals that Mrs. Alexander called the police approximately six times because of Mr. Ezekiel’s disorderly conduct. Mrs. Alexander testified that Mr. Ezekiel and Sharon had frequent arguments which could be heard through the apartment walls. The landlord informed Mrs. Alexander that if the disorderly conduct continued she would have to look for somewhere else to live.
Michael was returned to the custody of DHR in September 1988. At that time Sharon moved out of her mother’s apartment and allegedly married Mr. Ezekiel. Mrs. Alexander has had no contact with Mr. Ezekiel and limited contact with her daughter.
Mrs. Alexander is sixty-four years old and has been hospitalized in recent years for alcohol abuse, malnutrition, and depression. Mrs. Alexander’s only income is $374 per month in disability benefits. There is evidence of a strong emotional bond between Mrs. Alexander and Michael. However, there is also evidence that Michael may have suffered “mild physical abuse and a great deal of indication that there has been serious and long-standing emotion[al], social, and physical neglect.”
The record in this case dates back to August 1984 and includes oral testimony, home studies, case and court summaries, and psychological evaluations. We have reviewed the entire record and find that the evidence supports the trial court’s order. We do not find an abuse of discretion here.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.