VINCENT MILES, APPELLEE, V. MARIETTA MILES, APPELLANT.
438 N.W.2d 139

Filed April 7, 1989.   No. 88-517.

James W. Ellison, of Holtorf, Kovarik, Nuttleman, Ellison, Mathis & Javoronok, P.C., for appellant.

Paul W. Snyder, of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, P.C., for appellee.

BOSLAUGH, WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and WITTHOFF, D.J.

WHITE, J.

Respondent, Marietta Miles, appeals an order of the district court for Scotts Bluff County modifying a decree of divorce by transferring custody of 15-year-old Theron Miles, one of the minor children of the parties, to the petitioner, Vincent Miles. Mrs. Miles assigns two errors, which, consolidated, are that the district court erred in its determination that a material change of circumstances had occurred affecting the best interests of the minor child. We affirm.

The standard of review for orders modifying child custody awards in dissolution decrees is as follows. "Child custody determinations are matters initially entrusted to the discretion of the trial court, and, on appeal, although the Supreme Court reviews these cases de novo on the record, the trial court's determination will normally be affirmed in the absence of an abuse of discretion." *Hibbard v. Hibbard*, 230 Neb. 364, 365, 431 N.W.2d 637, 638 (1988). Where the evidence is in conflict, we give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Rollogas v. Rollogas*, 230 Neb. 46, 429 N.W.2d 727 (1988). "[A]n order concerning custody of children

will not be modified unless there has been a material change of circumstances indicating that the person with custody of the children is unfit *or* that the best interests of the children require such action." *Hibbard v. Hibbard, supra* at 365, 431 N.W.2d at 639. In the case at bar there were no allegations that either parent was unfit. The crucial issue was to determine if there had been a material change of circumstances indicating that the best interests of Theron mandated a change in custody.

In child custody modification actions, as well as initial custody awards, Neb. Rev. Stat. § 42-364 (Reissue 1988) lists factors for the court to consider in determining the best interests of the children. Specifically, this court has said that in determining a child's best interests under § 42-364(1) the court may consider

> factors such as general considerations of moral fitness of the child's parents, including the parents' sexual conduct; respective environments offered by each parent; the emotional relationship between child and parents; the age, sex, and health of the child and parents; the effect on the child as the result of continuing or disrupting an existing relationship; the attitude and stability of each parent's character; parental capacity to provide physical care and satisfy educational needs of the child; the child's preferential desire regarding custody if the child is of sufficient age of comprehension regardless of chronological age, and when such child's preference for custody is based on sound reasons; and the general health, welfare, and social behavior of the child.

*Christen v. Christen*, 228 Neb. 268, 271-72, 422 N.W.2d 92, 95 (1988).

Though there was some conflict in the evidence, a de novo review of the record discloses no abuse of discretion on the part of the trial court. The evidence shows that Theron has a poor emotional relationship with his mother and that Mrs. Miles has lost control of her son. During phone conversations between Theron and his father, he has constantly expressed the desire to live with his father and has repeatedly threatened to kill himself and his mother if he could not do so. Theron has punched holes in the walls of the residence, broken the windshield of Mrs.

Miles' car, threatened Mrs. Miles with scissors, and struck his sisters. He has also run away from home at least once. At one point, Theron became such a problem to Mrs. Miles that she had to call the police several times and juvenile proceedings against Theron were considered. Prior to trial, Theron was receiving Ds and Fs in school.

Two mental health experts, including Mrs. Miles' own psychotherapist, expressed the opinion that Theron should live with his father. The court-appointed mental health examiner felt that Theron's desire to live with his father was based on sound reasons.

It is clear from the record that Theron wants to live with his father and that he has sound reasons to support his preference. While the wishes of the child are not controlling in the determination of custody, if a child is of sufficient age and has expressed an intelligent preference, his preference is entitled to consideration. *Goodman v. Goodman*, 180 Neb. 83, 141 N.W.2d 445 (1966). See, also, *Grace v. Grace*, 221 Neb. 695, 380 N.W.2d 280 (1986).

In an interview with the judge, Theron said he needed more discipline and that he felt his father was the only one who could provide it. He also stated that he and his mother did not get along and that they should be apart from each other until "we get to know each other a little better . . . put it all in the past and then start from scratch again . . . ." In addition, Theron said he was putting pressure on his mother to see that his preference was granted and that he would take matters into his own hands if he was not allowed to live with his father.

The deterioration of the relationship between Theron and his mother, her inability to control or discipline him, and his obvious preference for living with his father clearly constitute a material change of circumstances which in the best interests of Theron mandated a modification of custody.

Accordingly, the district court judgment is affirmed. Appellee's request for attorney fees in this court is denied.

AFFIRMED.